IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| In the matter of Noah D., by and through his parent, Lisa D.,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>Defendant. | CIVIL NO. 12-00459 DKW-RLP<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

## INTRODUCTION

Before the Court is Defendant Department of Education, State of Hawaii's ("DOE" or "Defendant") Motion for Reconsideration, filed on August 30, 2013 ("Motion"). Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the Motion and the relevant legal authority, Defendant's Motion is hereby DENIED.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background in this matter, and the Court does not fully recount it here. On August 20, 2013, the Court entered its Order Reversing and Remanding the Administrative Hearing Officer's July 11, 2012 Findings of Fact, Conclusions of Law and Decision (the "Order"). That Order disposed of Plaintiffs' appeal following a remand from this district court in Civil No. 10-297 AWT-BMK, directing the Hearings Officer to determine whether Defendant violated the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400 *et seq*. ("IDEA") by materially failing to implement Student's July 30, 2009 Individualized Education Program ("IEP"). The issue on remand was limited to the application of the materiality standard set forth by the Ninth Circuit in *Van Duyn v. Baker School District 5J*, 502 F.3d 811 (9th Cir. 2007).

> In the August 20, 2013 Order, the Court ruled that:
>
> Here, the implementation of furloughs was more than a minor discrepancy and violated the IDEA. The loss of 11 to 12 school days, and equally important, the disruption of the consistency of Student's educational program, prevented several IEP provisions from being implemented, including mainstreaming, socialization, and communication. Student's behavior program was not fully implemented and he could not receive the continuity of educational opportunities, services, and aids provided for in the IEP. The Court concludes that the

>failure to implement Student's July 30, 2009 IEP was material under the standard set forth in *Van Duyn* and denied Student a free appropriate public education.  Accordingly, the Hearings Officer's decision to the contrary is hereby REVERSED, and Plaintiffs are the prevailing party.
>
>To the extent Plaintiffs seek compensatory education or any additional remedy, the matter is REMANDED to the Hearings Officer for such a determination in the first instance.

Order at 15-16.   The DOE now seeks reconsideration of this ruling.

## **DISCUSSION**

This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."   *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

Defendant offers four reasons why this Court should reconsider its August 20, 2013 Order:

1) The Court ignored controlling Ninth Circuit authority in *N.D., et al. v. Hawaii Department of Education*, 600 F.3d 1104 (9th Cir. 2010), by determining that furloughs "automatically" constitute a material failure to implement an IEP;

2) The Court improperly considered Student's regressive behavior at home in evaluating whether a "material failure" under *Van Duyn* had occurred;

3) The Court failed to consider the DOE's mitigation offers; and

4) The Court improperly included a remand order in its decision when no remedy is available.

Because all of these reasons are without merit, the State's Motion for Reconsideration is DENIED.

In an apparent effort to create an appellate issue, the DOE portrays the Court's Order as directly in conflict with the Ninth Circuit's instructions in *N.D.*: "This Court's Decision negates the Ninth Circuit Court of Appeals determination that furloughs 1) do not automatically constitute a material failure to implement an Individualized Education Program ("IEP") and 2) did not cause a change in program or placement." Mem. in Supp. of Motion at 3. Nothing in the Court's Order states or even suggests that furloughs "automatically" constitute a material failure to implement an IEP.[1] Had the Court done otherwise, it need not have engaged in the

---

[1] Nor does the DOE's Motion offer a citation.

materiality analysis principally contained at pages 11-16 of the Order.  The DOE's first contention is deserving of no further attention.

The DOE's second contention is deserving of little more.  According to the State, the Court's materiality analysis cannot consider Student's regressive behavior in the home.  Nowhere in any of the numerous cases cited by the State, however, does a court issue such an unduly restrictive holding that would be inconsistent with the law and any reasonable sense of a department's educational responsibility.  Student's IEP required the State to provide certain in-home services.  Those are described, at least in part, at pages 13-15 of the Order.  The notion, then, that the Court is not permitted to evaluate the "child's educational progress, or lack of it" in the same setting that the DOE is required to provide its services -- as part of the materiality analysis called for by *Van Duyn* -- is non-sensical.  *Cf. San Rafael Elem. Sch. Dist. v. Cal. Special Educ. Hearing Office*, 482 F. Supp. 2d 1152, 1162 (N.D. Cal. 2007) ("[A] District is required to address behavioral problems extraneous to the academic setting only to the extent they affect the educational progress of the student.")

Next, Defendant provides no legal authority for why the Court should reconsider its Order on the ground that Defendant belatedly offered to provide accommodations to Student in light of the furloughs.  On the contrary, the evidence

was undisputed that there was no plan in place for Student at the onset of furloughs, and that the IEP team did not discuss any changes in program or "mitigation" measures until a resolution session after Plaintiffs requested a Due Process Hearing. In any event, a belated attempt by the DOE to "mitigate" following the implementation of furloughs does not change the Court's conclusion that "Student's behavior program was not fully implemented and he could not receive the continuity of educational opportunities, services, and aids provided for in the IEP[,]" Order at 15, or otherwise disturb the Court's materiality analysis under *Van Duyn*.

As to its fourth ground, the DOE is correct that the Court's Order includes an instruction to the Administrative Hearings Officer to determine what remedy, if any, is appropriate in light of the Court's decision. *See* Order at 16 ("To the extent Plaintiffs seek compensatory education or any additional remedy, the matter is REMANDED to the Hearings Officer for such a determination in the first instance"). Given the nature of the Hearings Officer's July 11, 2012 Decision, the issue of remedy was not previously considered.

There is nothing inconsistent between the Court's Order and the DOE's present objection. If the DOE is correct that, despite the Court's Order, Plaintiff is entitled to nothing, the Hearings Officer can make that determination in the first instance. By remanding, the Court is neither suggesting any particular remedy to

the Hearings Officer, nor that a remedy is even available. To the extent the DOE reads any more into the Court's instructions, its reading is misplaced.

Finally, to the extent the DOE simply disagrees with the Court's rulings in the August 20, 2013 Order, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *White*, 424 F. Supp. 2d at 1274 (citing *Leonq v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)).

## **CONCLUSION**

On the basis of the foregoing, the Court DENIES Defendant's Motion for Reconsideration.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, November 5, 2013.



Derrick K. Watson
United States District Judge

----------------------------------------------------------------------------------------------------

In the matter of Noah D., by and through his parent, Lisa D., v. Department of Education; CV 12-00459 DKW-RLP; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION